**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**ARTHUR RICHARD MATTHEWS EL,**

      Plaintiff,

v.                                    Civil Action No. **3:12CV402**

**HAROLD CLARKE,** *et al.,*

      Defendant.

### MEMORANDUM OPINION

Plaintiff, a Virginia inmate, has submitted this civil action under 42 U.S.C. § 1983.[1] The

matter is before the Court for evaluation pursuant to 28 U.S.C. § 1915A, 42 U.S.C. § 1997e(c),

Federal Rule of Civil Procedure Rule 8(a), 20(a),[2] and Plaintiff's compliance with the Court's

May 23, 2013 Memorandum Order. Specifically, by Memorandum Order entered May 23, 2013,

the Court directed Plaintiff to submit an appropriate particularized complaint. The Court warned

---

[1] That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] **(2) *Defendants.*** Persons . . . may be joined in one action as defendants if:
(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
(B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a).

Plaintiff that if he failed to submit an appropriate particularized complaint, the Court would drop all defendants not properly joined with the first named defendant.

On August 12, 2013, the Court received Plaintiff's Particularized Complaint. (ECF No. 25.) As explained below, the Particularized Complaint fails to comply with the rules regarding joinder.

## I.    PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more

than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.   JOINDER

The Federal Rules of Civil Procedure place limits on a plaintiff's ability to join multiple defendants in a single pleading. *See* Fed. R. Civ. P. 20(a). "The 'transaction or occurrence test' of [Rule 20] . . . 'permit[s] all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.'" *Saval v. BL Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983) (quoting *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)). "But, Rule 20 does not authorize a plaintiff to add claims 'against different parties [that] present[ ] entirely different factual and legal issues.'" *Sykes v. Bayer Pharm. Corp.*, 548 F. Supp. 2d 208, 218 (E.D. Va. 2008) (alterations in original) (quoting *Lovelace v. Lee*, No. 7:03cv00395, 2007 WL 3069660, at *1 (W.D. Va. Oct. 21, 2007)). "And, a court may 'deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of [promoting convenience and expediting the resolution of disputes], but will result in prejudice, expense, or delay.'" *Id.* (quoting *Aleman v. Chugach Support Servs., Inc.*, 485 F.3d 206, 218 n.5 (4th Cir. 2007)).

In addressing joinder, the Court is mindful that "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). This impulse, however, does not provide a plaintiff free license to join multiple defendants into a single lawsuit where the claims against the defendants are unrelated. *See, e.g., George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Thus, "[a] buckshot complaint that would be rejected if filed by a free person— say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed

to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner." *George*, 507 F.3d at 607.

"The Court's obligations under the PLRA include review for compliance with Rule 20(a)." *Coles v. McNeely*, No. 3:11CV130, 2011 WL 3703117, at *3 (E.D. Va. Aug 23, 2011) (citing *George*, 507 F.3d at 607). "Thus, multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that these complaints have produced but also to ensure that prisoners pay the required filing fees." *Id.* (citing 28 U.S.C. § 1915(g); *Showalter v. Johnson*, No. 7:08cv00276, 2009 WL 1321694, at *4 (W.D. Va. May 12, 2009) ("To allow [plaintiff] to pay one filing fee yet join disparate claims against dozens of parties flies in the face off the letter and spirit of the PLRA.")

## III.   SUMMARY OF CLAIMS

Plaintiff's Particularized Complaint names fifteen separate individuals as defendants. The Particularized Complaint contains five claims for relief. Plaintiff lists his claims as follows:[3]

> 1.a   I was forced into agreement/contract with the Virginia Department of Correction by L.V.C.C./GEO Group Inc. employee's after clearly making a reservation of all my rights. After addressing this issue through the Virginia Department of Correction . . . Grievance Operating Procedure, it was brought to my attention that I was forced into contract a second time months later without being notified of any transaction occurring. Regardless of being informed of the wrong that has occurred L.V.C.C./G.E.O. Group Inc and D.O.C. employee's failed to act.

> 2.b   On several occasions both L.V.C.C./G.E.O. Group Inc. and D.O.C. employee's failed to act promptly and fairly; also the above mentioned have repeatedly obstructed justice via delay and hinder of my exhaustion of . . . Grievance Operating Procedure and my U.S. Constitutional right to fair due-process of filing and equal protection of the law.

---

[3] The Court corrects the capitalization in the quotations from Plaintiff's submissions.

3.c   On several occasions the process of me complying with the Virginia Code section 53.1–41(B) was ignored by L.V.C.C. employee's and the V.A.D.O.C. employee's. As a result of this I was not permitted to receive payment for working as a maintenance worker from 5–31–11 to 2–31–13 here at L.V.C.C.

4.d   The L.V.C.C./G.E.O. Group Inc. medical staff continues to neglect the proper handling of mental health medicine.

5.e   The repeated abuse, disrespect and malfeasance of my filing through . . . Grievance Procedure and U.S. Constitutional safeguards demonstrated by L.V.C.C./G.E.O Group Inc. and the D.O.C. caused mental anguish.

(Part. Compl. ii.)

Summarized, Plaintiff's disparate, rambling, and unclearly labeled claims range from Defendants "forc[ing him] into contract/agreement," (*id.* at 2.), mishandling Plaintiff's grievances and appeals and interfering with the grievance procedure (*id.* at 4–15), refusing to pay Plaintiff for work (*id.* at 16–18), misplacing his prescription medicine (*id.* at 19), and causing him "mental anguish" (*id.* at 20).

The first named defendant in the Particularized Complaint is Dr. George Zoley the "C.E.O./Chairman of the G.E.O. Group." (Part. Compl. iv.) Plaintiff names Defendant Zoley in Claim 1.a and states in a conclusory manner that, "Mr. Zoley is responsible for, after being informed, allowing unfair practices and lack of constitutional oversight of the handling of me as an offender under the supervision of the G.E.O. Group Inc. and operating policy of the Department of Corrections." (*Id.* at 4.) Plaintiff claims that Zoley failed to address his employees actions who "forc[ed] me into contract," and "acted indifferent towards my complaint and cry for intervention." (*Id.*) In Claim 1.a, Plaintiff also lists Defendants W. Bacon, the "80 building unit counselor" at the Lawrenceville Correctional Center ("LVCC") and S. Skinner in "Accounting" at LVCC. (*Id.* at iv, 3.) Plaintiff contends that Defendant Bacon failed to "properly fil[e] the 'offender pay withholding agreement/contract'" and "refuse[d] to investigate

6

the issue of me being forced into contract." (*Id.* at 3.) Finally, Plaintiff contends that Defendant Skinner "is in violation of my due-process rights for actually deducting money off of my account and forcing me into contract . . . . without authorization." (*Id.*)

In Claim 2.b, Plaintiff contends that at least eleven different defendants interfered with or "hindered" Plaintiff's pursuit of filing grievances and appeals. (*Id.* at 5–15.) In Claim 3.c, Plaintiff claims that three new defendants prevented him from receiving pay for his work as a maintenance worker because he refused to sign the offender pay agreement. (*Id.* at 16–18.) In Claim 4.d, Plaintiff contends that one unrelated defendant misplaced his prescription medicine. (*Id.* at 19.) Finally, in Claim 5.e, Plaintiff names no Defendant with regard to his claim that he suffered "mental anguish" while incarcerated. (*Id.* at 20–21.)

## IV. ANALYSIS

### A. Dismissal of Improperly Joined Claims and Parties

While the Court expresses doubt that Claim 3.c arises out of the same transaction or occurrence as Claim 1.a, facially, the claim appears to present a common question of law and fact pertaining to the offender pay agreement. Claims 4.d and 5.e, concerning the denial of adequate medical care and Plaintiff's "mental anguish," do not arise out of the same transaction or occurrence and do not present questions of law and fact common to Claim 1a. Additionally, Plaintiff fails to coherently articulate how Claim 2.b, his rambling allegations about the mishandling of Plaintiff's grievances and appeals, presents questions of common law and fact or is transactionally related to Claim 1.a. Plaintiff fails to satisfy the joinder requirements based upon his frivolous and conclusory allegations. *See Jackson v. Olsen*, No. 3:09cv43, 2010 WL 724023, at *3 (E.D. Va. Mar. 1, 2010) (citing cases for the proposition that a plaintiff cannot satisfy the joinder requirements with a conclusory allegation of conspiracy).

7

Plaintiff has submitted the sort of "'mishmash of a complaint'" that the rules governing joinder aim to prevent. *Id.* at *7 (quoting *George*, 507 F.3d at 607). Plaintiff's Particularized Complaint raises a variety of claims against many defendants. Claims 2.b, 4.d, and 5.e share no discernable common question of law or fact with Claims 1.a or 3.c.[4] "'As such, this [Particularized C]omplaint comprises multiple law suits, rather than one suit.'" *Id.* at *8 (quoting *Canada v. Ray*, No. 7:08cv00219, 2009 WL 2448557, at * 2 (W.D. Va. Aug. 10, 2009).[5] Moreover, the objectives of Rule 20 will not be fostered by permitting the joinder of Claims 1.a and 3.c with the ill-formed Claims 2.b, 4.d, and 5.e.

Accordingly, the Court will proceed with the analysis it announced it is May 23, 2013 Memorandum Order. The action will PROCEED ONLY on Claim 1.a against Defendants Zoley, Skinner, and Bacon[6] and Claim 3.c against Defendants Shaw, Hill, and Clarke. Plaintiff's remaining claims against the remaining Defendants will be DISMISSED WITHOUT PREJUDICE.

---

[4] The Court acknowledges that Plaintiff occasionally references a defendant named in another claim to describe the facts supporting the claim.

[5] Through the PLRA, Congress sought to ensure "that the flood of nonmeritorious [prisoner] claims does not submerge and effectively preclude consideration of the allegations with merit." *Jones v. Bock*, 549 U.S. 199, 203 (2007) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The requirement that inmates must pay the full filing fee for each separate suit, *see* 28 U.S.C.1915(b)(1), is one of the PLRA's key "reforms designed to filter out the bad claims and facilitate consideration of the good." *Id.* at 204. To allow an inmate, such as Plaintiff, to "package many lawsuits into one complaint exempts him from such a cost, benefit analysis and thus undercuts the PLRA." *Canada*, 2009 WL 2448557, at *3.

[6] "Such a procedure fosters the objectives of Rules of Civil Procedure[ ] of expediting the resolution of disputes, without further squandering scarce judicial resources on 'disputes that are not structurally prepared to use those resources efficiently.'" *Jackson*, 2010 WL 724023, at *8 n.10 (quoting *Wagner v. First Horizon Pharm. Corp.*, 4646 F.3d 1273, 1279–80 (11th Cir. 2006)).

8

### B.    Analysis of Remaining Claims 1.a and 3.c

In Claim 1.a, Plaintiff argues that Defendants Zoley, Bacon and Skinner violated his

Fourteenth Amendment rights to due process[7] and equal protection[8] with regard to an "offender

pay withholding agreement/contract." (Part. Compl. 3.) Plaintiff claims that Defendant Bacon

> stands in violation of my 14th Amendment by not properly filing the "offender
> pay withholding agreement/contract" . . . with the business office and ensuring
> through constant follow ups.  That my refusal to sign the above mentioned
> contract would receive the same due-process of filing and equal protection
> provided individuals who has [sic] consented to the above mentioned contract.

(*Id.*) Next, Plaintiff claims that Defendant Skinner "is in violation of my due-process rights for

actually deducting money off my account and forcing me into contract . . . . without

authorization." (*Id.*) Finally, Plaintiff states in a conclusory manner that, "Mr. Zoley is

responsible for, after being informed, allowing unfair practices and lack of constitutional

oversight of the handling of me as an offender under the supervision of the G.E.O. Group Inc.

and operating policy of the Department of Corrections." (*Id.* at 4.) Plaintiff claims that Zoley

failed to address his employees actions who "forc[ed] me into contract," and "acted indifferent

towards investigating my complaint and cry for intervention." (*Id.*)

Similarly, in Claim 3.c, Plaintiff faults Defendants Shaw, Hill, and Clarke for forcing him

into "contract" and refusing to pay him for his work as a maintenance worker "because [he]

reserve[d his] right not to enter" into the offender pay withholding system in violation of due

process and equal protection. (*See, e.g., id.* at 17.)

While Plaintiff's allegations lack clarity, the sum of his claims stem from Defendant

Zoley, Bacon, Skinner, Shaw, Hill and Clarke's (hereinafter "Defendants") deduction of money

---

[7] "No State shall . . . deprive any person of life, liberty, or property, without due process
of law . . . ." U.S. Const. amend. XIV, § 1.

[8] "No State shall . . . deny to any person within its jurisdiction the equal protection of the
laws." U.S. Const. amend. XIV, § 1.

from his inmate account to pay for Plaintiff's legal obligations and their refusal to pay him for work performed because he refused to agree to the offender withholding agreement.

### 1.    Due Process

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). The Due Process Clause applies only when government action deprives an individual of a legitimate liberty or property interest. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972). The first step in analyzing a procedural due process claim is to identify whether the alleged conduct affects a protected interest. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997) (citing cases). Plaintiff fails to indicate that Defendants' actions resulted in the deprivation of any liberty interest. Instead, Plaintiff claims that Defendants' deprived him of property, in the form of money, without due process of law.

First, a state prisoner possesses no constitutional right to be paid for his labor. *Anderson v. Morgan*, No. 89–6737, 1990 WL 29173, at *1 (4th Cir. Mar. 6, 1990) (citing *Manning v. Lockhart*, 623 F.2d 536, 538 (8th Cir. 1980)). Any compensation provided "'is by the grace of the state.'" *Taylor v. Robinson*, No. 02–CV–510, 2003 WL 23314150, at *4 (E.D. Va. Apr. 4, 2003) (quoting *Hrbek v. Farrier*, 787 F.2d 415, 416 (8th Cir. 1986)); *see Borror v. White*, 377 F. Supp. 181, 183 (W.D. Va. 1974). Thus, under the Due Process Clause, Plaintiff has no property interest in earning wages for his labor. *Washlefske v. Winston*, 234 F.3d 179, 184–85 (4th Cir. 2000) (citations omitted); *see McLaughlin v. Royster*, 346 F. Supp. 297, 311 (E.D. Va. 1972) (explaining that an institution may constitutionally force a validly convicted inmate to perform

work, with or without pay, so long as the work assignment amounts to no cruel and unusual punishment under the Eighth Amendment (citing *Holt v. Sarver*, 309 F. Supp. 362 (E.D. Ark. 1970)).  Any entitlement to pay for services rendered by Plaintiff "derive[s] from the laws of Virginia, and is not a right secured by the Constitution or laws of the United States within the meaning of 42 U.S.C. § 1983." *Borror*, 377 F. Supp. at 183.  Plaintiff's claims that he failed to receive compensation for his work as a maintenance worker while housed in LVCC because he refused to sign the offender withholding contract states no actionable federal constitutional claim.[9]

Accordingly, Plaintiff's due process claims lack merit and will be DISMISSED WITH PREJUDICE.

### 2.    Equal Protection

The Equal Protection Clause of the Fourteenth Amendment requires that similarly situated persons be treated alike. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)).  In order to state an equal protection claim, Plaintiff must allege facts indicating:  (1) that he and a comparator were treated differently and were similarly situated; and (2) that the different treatment was the result of discrimination. *See Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citation omitted).  Because Plaintiff's claims implicate no suspect class, the Court presumes the state action to be valid and will be upheld if it "is rationally related to a legitimate state interest." *City of Cleburne*, 473 U.S. at 440 (citations omitted).

---

[9] Moreover, to the extent Plaintiff contends that the Defendants somehow wrongfully deprived him of money, Virginia's provision of adequate post-deprivation remedies forecloses Plaintiff's due process claim for the deprivation of property. *See Wilson v. Molby*, No. 1:12cv42 (JCC/JFA), 2012 WL 1895793, at *6–7 (E.D. Va. May 23, 2012); *Henderson v. Virginia,* No. 7:07–cv–00266, 2008 WL 204480, at *10 n.7 (W.D. Va. Jan. 23, 2008).

In Claim 1.a, Plaintiff alleges, in sum: "That my refusal to sign the [offender pay withholding] contract would receive the same due process of filing and equal protection provided individuals who [have] consented . . . ." (Part. Compl. 3.)  In Claim 3.c, Plaintiff merely states that "the privilege to work and be compensated while fairly being considered, under the equal protection of the law was compromised and rejected." (*Id.* at 18.)  Plaintiff fails to state an equal protection claim in either Claim 1.a or 3.c.

Plaintiff argues that those inmates who sign the offender pay withholding agreement are treated differently than those inmates who refuse to sign the agreement because those inmates who sign the agreement receive pay for their prison jobs.  Nevertheless, Plaintiff fails to identify how the inmates who sign the offender pay withholding agreement are similarly situated to Plaintiff, and thus, he fails to make a threshold showing for an equal protection claim. *See Wright v. Johnson*, No. 3:01CV215, 2001 WL 34644299, at *2 (E.D. Va. July 16, 2001) (citations omitted).  Moreover, from the limited record, the Court discerns that a rational basis exists for treating differently those inmates who agree to have pay withheld from those who refuse to sign such an agreement. *See FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993) (citations omitted) (explaining that a policy "must be upheld against an equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification"); *see Malmed v. Thornborough*, 621 F.2d 565, 569 (3d Cir. 1980) (a state action may be upheld on any valid ground, including those hypothetically posed by the court). The purpose of the offender pay withholding agreement is to repay an inmate's court fines or outstanding court-imposed debts. *See Dukes v. Wilson*, No. 7:11–cv–00530, 2013 WL 2237777, at *1 (W.D. Va. May 21, 2013).  It is reasonable for Virginia to decline to pay an inmate for his or her work if the inmate refuses to apply a portion of the pay he or she receives to satisfy

12

outstanding debts to the Virginia courts.  Thus, a rational basis exists for any purported

differential treatment.  Accordingly, Plaintiff's equal protection claims will be DISMISSED

WITH PREJUDICE.

## V.   CONCLUSION

Claims 2.b, 4.d, and 5.e are DISMISSED WITHOUT PREJUDICE.  Claims 1.a and 3.c

will be DISMISSED WITH PREJUDICE.  Plaintiff's letter seeking to amend his complaint to

delete a defendant (ECF No. 42) will be DENIED AS MOOT.  The action will be DISMISSED.

The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C.

§ 1915(g).

An appropriate Order shall issue.

Date: 6-10-14
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge

13